NYGAARD, Circuit Judge, concurring.
I join Judge Greenaway's well-reasoned opinion without reservation. However, I write separately to highlight a somewhat nuanced legal point that would go unnoticed were I not to comment. In an attempt to save the search at issue here from the strictures of the Fourth Amendment, the Government not only argued for application of the good faith exception, but also for the application of the tracking device exception set out in Fed. R. Crim. P. 41(b)(4) in the District Court. Anticipating that the Government might bring this argument up on appeal, Werdene argued in his opening brief that it was waived because the Government, contrary to its own interests, conceded in the District Court that none of Rule 41 's exceptions applied. And, indeed, the Government did concede-both in their opposition to the motion to suppress and in open court-that Rule 41 does not explicitly authorize a judge to issue a search warrant in the circumstances presented here. App. at 91-92, 250-251.
Now, the Government says that their tracking device argument is not waived because we can affirm on any basis that is supported by the record, see, e.g., Murray v. Bledsoe , 650 F.3d 246, 247 (3d Cir. 2011), and the Appellant does not quibble with that notion. Instead, Werdene argues that this prerogative is not available to an appellate court when a party has conceded the point on which we wish to affirm in district court. This is an interesting question and one that in my nearly three decades on this court I have not encountered.
The Government offers no authority to the contrary. Werdene points to one Supreme Court opinion and a couple of court of appeals opinions in support of his position. For example, in Steagald v. United States , 451 U.S. 204, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981), the Government conceded a particular factual point in the District Court (related to the ownership of a residence) and did so again in opposition to the petition for certiorari in the Supreme Court. But, in its brief to the Court, the Government argued the very point it had previously conceded in the District Court, maintaining that the Court could affirm by relying on any basis present on the record.
*220 451 U.S. at 209, 101 S.Ct. 1642. The Supreme Court, to loosely paraphrase, would have none of it. The Court instructed that the Government loses its right to raise factual issues in the Supreme Court "when it has made contrary assertions in the courts below, when it has acquiesced in contrary findings by those courts, or when it has failed to raise such questions in a timely fashion during the litigation." Id . The other cases cited by the Appellant, United States v. Ornelas-Ledesma , 16 F.3d 714, 721 (7th Cir. 1994), United States v. Albrektsen , 151 F.3d 951, 954 (9th Cir. 1998), and United States v. Scales , 903 F.2d 765, 770 (10th Cir. 1990), all hold the Government to be bound by concessions it made in District Court.
Our case differs slightly in that the concession here was legal, not factual. In my view, this is a difference without a distinction. If, as here, the issue or argument has been conceded or waived before a district court, then we must not affirm on that basis. Judge Greenaway elided the issue as unnecessary to a decision in the cause before us. Slip Op. at 13. I do not disagree. I point out my thoughts on this matter nonetheless solely to remind practitioners of that old adage, "you cannot have it both ways." In my opinion, conceding a fact or a legal point in the District Court prevents us from affirming on that basis.